UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE LABORERS
PENSION AND BENEFITS
TRUST FUNDS, *et al*.,                                    No. 14-cv-14000

              Plaintiffs,                          Hon. Gerald E. Rosen

vs.

PG SIMON ON SITE INC.,

              Defendant.
_____/

ORDER GRANTING PLAINTIFFS' MOTION
FOR AMENDED JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on January 9, 2017

PRESENT:  Honorable Gerald E. Rosen
United States District Judge

The Trustees of the Laborers Pension Trust Fund, Vacation & Holiday Trust

Fund, Metropolitan Detroit Health & Welfare Fund and Michigan Laborers Training

Fund brought this action seeking to recover from Defendant PG Simon On Site Inc.

("Simon") contributions due and owing to the Funds for work done by those of its

employees who were covered by collective bargaining agreements with the Laborers

Union.  Simon never answered or otherwise responded to Plaintiffs' Complaint and a

Clerk's Entry of Default was issued.  Thereafter, Plaintiffs moved for Default Judgment.

1

A hearing was scheduled on Plaintiffs' Motion, however, the day before scheduled hearing, the parties entered into a Consent Judgment, which provided in relevant part:

> PG SIMON ON SITE INC. shall, within two weeks of the date of this Order, submit to plaintiffs (for inspection and audit) any and all books and records (without limitation whatsoever) needed to determine the amount of defendant's indebtedness for the period from July 2010;

> Plaintiffs are granted leave to file a motion to amend this judgment following the above audit, and shall be awarded the amount owing, if any, for the period from July 2010 to the date of the audit, as ascertained by the above audit, plus interest, costs and attorneys' fees.

[*See* Consent Judgment, Dkt. # 10.]

Subsequent to the issuance of the Judgment, Defendant submitted its books and records to Kem Whatley, compliance auditor with the firm of Stefansky Holloway and Nichols, Inc., payroll auditors for Plaintiffs, to determine the amount of any contribution deficiency.

After completion of the audit, Mr. Whatley determined that Defendants' indebtedness to Plaintiffs for the period of July 2010 through December 2014 was $65,078.52, consisting of $59,171.55 in delinquent contributions; $5,574.28 in liquidated damages resulting from the audit; and $339.69 in liquidated damages resulting from late payments.  [*See* Affidavit of Kem Whatley, ¶ 3.]

In response to the audit, Defendant claimed that work done by a number of its employees was not covered under the Laborers' Agreement with the Construction Association of America ("CAM"), but rather was performed under a Specialized Services

2

Agreement which called for lesser contributions for employee pension and benefits.

Plaintiffs investigated Defendant's claim and found that it was inaccurate. Specifically, all of the work done by the individuals who Defendant disputed was performed at Simon's demolition project located at the GM Plant on Mound Road in Warren, which would have been covered by the CAM agreement.

In its Response to Plaintiffs' Motion, Defendant continues to assert that the work in question was not performed under the CAM. However, Simon provides no evidence to support that conclusion, instead it relies on a letter and emails previously sent by its counsel to Plaintiffs' counsel which present nothing more than counsel's belief that the audit results are inaccurate.[1]  Unsupported claims of inaccuracy are insufficient to rebut

---

[1]  All that Defendant provided in the way of "evidence" is a copy of an October 29, 2015 letter from Defendant's counsel to Plaintiffs' counsel, and a four-page summary of "Discrepancy Information," prepared on September 16, 2015.  These were, presumably, presented to Plaintiffs in disputing the audit after it was originally presented to Defendant.  The October 29, 2015 letter states, in relevant part, as follows:

> Enclosed please find a Review and Response to the Audit that had been conducted regarding contributions to the Fund in the above-referenced matter.  In response to this Audit, I offer the following.

> On Page 1 of our sheets (a copy of which is enclosed), there are five names that are highlighted in yellow being R. Mays, Matthew Miller, L. Gaines, B. Beltran and J. Meiser which all worked in Toledo, Ohio.  They were laborers and **it is our belief that benefits were paid to their respective unions.**

> Continuing on Page 1, there are a total of six employees (highlighted in pink) which are S. Queen, G. Palawski, R. Ford, D. Tomlin, J. Lathan and J. Small who **we believe all benefits were paid for these men**.  The

the validity of the audit.  *See Trustees of Painters Union Deposit Fund v. Ybarra Construction Co*, 113 F. App'x 664, 668 (6th Cir. 2004) ("The company did not come forward with additional records to substantiate its arguments that ... the hours at issue should have been calculated using [a different] rate, that certain employees should not have been included in the computation, or that the total number of hours was too high. The results of the audit should be presumed to accurate, since no contradictory evidence was produced by [the employer]."  *Id.* (internal footnote omitted)); *Trustees of Detroit Carpenters Health & Welfare Fund v. River City Construction*, 99 F. App'x 612, 614-15 (6th Cir. 2004) (in the absence of proof from the employer regarding the accurate

_____

remaining employees on Page 1 being N. Jensen, A. Miller, Michael Miller and C. rice were employees who worked under a Specialized Services Agreement which we understand to require payments in the approximate amount of $6.00 per hour.

On Page 2, the four names highlighted in yello being L. Gaines, J. Meiser, B. Beltran and R. Mays again are employees who worked in Toledo and whose benefits were paid to the unit.

On Page 3, the employees highlighted in yellow being B. Beltran, L Gaines, R. Mays, J. Meiser and D. Tomlin again are employees who worked in Toledo and whose benefits were paid.  The balance of the employees on that page highlighted in green are again **believed to be employees which are subject to the Specialized Services Agreement**.

Page 4 contains ten employees (all highlighted in green) which again are **employees which are believed to be the subject of a Specialized Services Agreement**.

[Defendants' Corrected Exhibit D, Dkt. # 13 (emphasis added).]

4

amount, "the auditor's report is sufficient proof of the contributions owed to warrant summary judgment.")

Since Defendant here has provided no documentary evidence of any kind to establish that the auditor's conclusion is incorrect, it has failed to met its burden of rebutting the validity of the audit. Therefore, pursuant to the terms of the Consent Judgment entered in this case on April 3, 2015, the Court will enter an Amended Judgment in accordance with the audit results.

CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Amended Judgment **[Dkt. # 11]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED that an AMENDED JUDGMENT be, and hereby is entered in favor of Plaintiffs and against Defendant as follows:

Plaintiffs are hereby awarded the sum of $65,078.52, representing the auditor's determination of Defendants' indebtedness to the Plaintiff Funds for the period of July 2010 through December 2014, consisting of $59,171.55 in delinquent contributions; $5,574.28 in liquidated damages resulting from the audit; and $332.69 in liquidated damages resulting from late payments, plus interest, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2).

s/Gerald E. Rosen
United States District Judge

Dated: January 9, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135