UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE LABORERS
PENSION FUND-DETROIT &
VICINITY; *et al.*,

        Plaintiffs,

v.

        Case No.: 14-14000
        Honorable Gershwin A. Drain

PG SIMON ON SITE INC.,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [#19]

### I. Introduction

Presently before the Court is the Defendant's Motion for Reconsideration, filed on February 15, 2017. Defendant seeks reconsideration of an Order entered on January 9, 2017 by the district judge who previously presided over the instant matter. Specifically, Judge Gerald Rosen entered an Order granting the Plaintiffs' Motion for Amended Judgment and awarded Plaintiffs the total sum of $65,078.52, consisting of delinquent fringe benefit contributions of $59,171.55, $5,574.28 in liquidated damages resulting from Plaintiffs' third party vendor audit, and $332.69 in liquidated damages resulting from late payments, plus interest, costs and

attorney fees pursuant to 29 U.S.C. § 1132(g)(2). Defendant claims that the audit report, upon which Judge Rosen's January 9, 2017 Order relies, is inaccurate in several respects.

This matter was reassigned to the undersigned on February 1, 2017. On February 9, 2017, this Court entered an order requiring additional briefing on Defendant's Motion for Reconsideration. Accordingly, on February 15, 2017, Plaintiffs filed their Response to Defendant's Motion for Reconsideration. Defendant filed a Reply in support of its Motion for Reconsideration on February 22, 2017. Upon review and consideration of the parties' submissions, the Court will deny Defendant's Motion for Reconsideration.

## II.  Background

The Plaintiffs are the Trustees of the Detroit Laborers' Fringe Benefit Funds. They filed the instant action seeking to compel an audit and recover unpaid fringe benefit contributions owed to the funds for work performed by its laborer employees pursuant to collective bargaining agreements. A subsequent audit by Kem Whatley revealed that Defendant's indebtedness to the funds for the applicable period was $65,078.52, consisting of $59,171.55 in contributions, $5,574.28 in liquidated damages resulting from the audit, and $332.69 in liquidated damages resulting from late payments. When Defendant did not pay the funds in accordance with the audit results, Plaintiffs filed a Motion for Amended Judgment.

Defendant responded to the Plaintiffs' Motion for Amended Judgment and argued that Mr. Whatley's audit was inaccurate. However, Defendant failed to provide any evidence in support of its contention that the audit contained errors.

On January 9, 2017, Judge Rosen issued his Order Granting the Plaintiffs' Motion for Amended Judgment. In rejecting the Defendant's argument that the audit was inaccurate, Judge Rosen stated that "[u]nsupported claims of inaccuracy are insufficient to rebut the validity of the audit. . . . Since Defendant here has provided no documentary evidence of any kind to establish that the auditor's conclusion is incorrect, it has failed to meet its burden of rebutting the validity of the audit. Therefore, pursuant to the terms of the Consent Judgment entered in this case on April 3, 2015, the Court will enter an Amended Judgment in accordance with the audit results." *See* Dkt. No. 15 at 4-5.

### III.   Law & Analysis

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear,

3

unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Here, Defendant has failed to establish a palpable defect by which the Court and the parties have been misled. Defendant's present motion merely re-raises arguments that have already been reviewed and rejected by this Court. Defendant reasserts that Mr. Whatley's audit was inaccurate. In support, Defendant provides the affidavit of Defendant's owner, Philip Simon. However, it is inappropriate for the Court to consider an affidavit that should have been filed in support of Defendant's response in opposition to the Plaintiffs' Motion for Amended Judgment.

Moreover, even if Mr. Simon's affidavit was properly before the Court, it would not change the result. Mr. Simon's affidavit fails to address the fact that contributions for the months of January through September of 2012 have not been paid to the funds. Nor has Defendant submitted any documentary evidence establishing that these contributions have been paid. Additionally, Defendant is

incorrect in claiming that the Laborers Specialized Services Agreement governs the contribution payments owed to the funds. The Laborers Specialized Services Agreement expired on April 1, 2010, which was before the period covering the audit. The governing agreement-the Specialized Coatings Agreement-became effective November 1, 2011. Thus, the Specialized Coatings Agreement was properly relied upon by Mr. Whatley in calculating the amounts owed to the funds beginning in January of 2012.

## IV.  Conclusion

Accordingly, Defendant's Motion for Reconsideration [#16] is DENIED.

SO ORDERED.

Dated:  April 4, 2017                             /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge


### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 4, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk